46-45 United States v. Murie? Murie? Mr. Burnham. Mr. Burnham, whenever you're ready. Thank you, Your Honor. Charles Burnham here on behalf of the appellant Daniel Murray, and the E is basically silent in my client's name. May it please the Court, there are two issues, before the Court today in this case. First, are Mr. Murray's claims barred by an appellate waiver? And secondly, assuming those claims are not found to be barred, was his guilty plea invalid due to a number of alleged errors in the Rule 11 colloquy that took place in this case? And I'll begin with the appellate waiver question. There is indeed an appellate waiver included in paragraph 16 of the plea agreement in the appendix in this case. However, this Court has only enforced waivers such as that one, where the record shows that the waiver was knowingly and voluntarily agreed to by the defendant, and the issues sought by the government to be barred by the waiver are not among the narrow class of issues that this Court has identified as not waivable, even when you have an otherwise valid waiver. And we contend that neither of those conditions is satisfied in this case. As to the knowing and voluntary requirement, the most often, the most usual way for the government to demonstrate that is where the district judge specifically asks the defendant, do you understand what you're doing here, you won't have a right to appeal, and the district court and the defendant agrees, yes, I understand. The government is where that doesn't occur. This Court has nonetheless enforced waivers, but a review of the case law reveals that that has only been done or been upheld where you have an educated defendant or a very thorough Rule 11 colloquy, and most often both. In this case, you have neither. Mr. Murray was 23 years old. He had a ninth grade education that came out at the plea hearing. He was clearly about as unsophisticated as a defendant can be. Secondly, the plea hearing itself, as I'll hope to talk about at greater length when I get to my second issues, was, I think, very substandard. There was very little interaction at all between the court and the defendant, certainly nothing sufficient to satisfy this Court that Mr. Murray knew what he was doing. The government relies primarily on the petition to plead guilty, which we contend very strongly is not sufficient when you have such an unsophisticated defendant to begin with, and the petition contains vast amounts of legalese, and where the defendant was never even asked by the court, did you sign this? Are these your initials? Did you have enough time to review this with your attorney? And all of those questions which would otherwise be able to assure this Court that the defendant knew what he was doing. So I don't believe we have a knowing involuntary waiver here, but even if we did, I contend that a voluntary guilty plea is something that is very much in the nature of the type of issue that is so fundamental that it ought not to be able to be waived, and I would point the Court to the other. May I ask you, one of the things I've been intrigued by since I've been privileged to be a member of this Court is the various practices around the district where, as you saw in the last case, or the case before that, magistrate judges conduct Rule 11. It seems like in every district in North Carolina. I can't remember the last time I saw a district judge in North Carolina conduct a Rule 11 column, and yet here in South Carolina, apparently, correct me if I'm wrong, is it the fact that magistrate judges don't do Rule 11 colloquies? I'm not, I don't practice in South Carolina. Oh, you don't practice in South Carolina. I was not trying. No help at all. Big build-up for nothing. Well, I'm sure you're a colleague over there. So I can tell the Court in Alexandria the district judges almost always. Of course, and in Maryland. The idea in Maryland of a magistrate judge conducting a Rule 11 colloquy would strike every district judge in the district as just the most bizarre thing. Now, the truth is, as we all know, or many of us know, the Western District, the Eastern District, and the Middle District of North Carolina have been pinched for judges for years, and they need all the help they can get to do all kinds of things. So they have magistrate judges doing a lot of different things. So you're from D.C. You're no help at all, but we're glad to have you here. Thank you, Your Honor. So your client got the mandatory minimum. Yes. He's appealed. Yes. You have to show, I take it you agree, under plain error review, that he would have gone to trial, but for what you claim is this defective Rule 11. That's correct. That there's a substantial probability. Okay. Now, if we grant your client relief here and he goes back, he could very likely get a higher, longer sentence after a trial. Understood. And you've discussed this with him. I have, Your Honor. And he says, I want to roll the dice. I have, Your Honor. I really want a trial. Yes, Your Honor. He doesn't like the 10 years. He did not. But he didn't tell his prior lawyer that. I mean, that's not in the record. We don't know. I mean, I assume the lawyer would have said, we object. Or maybe the lawyers in South Carolina. Maybe that's why we appointed you. Because maybe we can't trust the lawyers in South Carolina to come up here and challenge this practice. Well, I'm being a little silly, but I think the mistake that was made is if the lawyer knew about certain defenses that I think were apparent, nothing was ever said about them. But we have a prior unpublished opinion. I'm not going to say that blessed this procedure, but it appears to be what the lawyers in South Carolina are willing to put up with. Well, I don't think respectfully, I don't think it was the exact same procedure in the case Your Honor is referring to. I understand there's some differences. I think it's gone downhill since that opinion was issued. I see. So this is DC lawyer to the rescue. I don't think it's that. I'm sorry. When you say it's gone downhill, what's worse than the situation in the unpublished opinion? The factual recitation in that opinion reveals that on many more subjects than took place here, the district judge did in fact discuss personally with the defendant his various rights and whatever proffers the district court relied on came from the defense attorney rather than the prosecuting attorney, which we feel is quite significant. Now, fast forward four years later, the district judge discusses almost no aspect of the Rule 11 rights with the defendant. And most of the proffers, I would say 80% are coming from the prosecuting attorney without even stopping to ask Mr. Murray is what the prosecutor said right. And I think we've reached the point where Rule 11 is really being converted into Rule 10 for arraignments where it can be, the process can be waived by our written certifications. We're very close to that point. And with such an important proceeding as a Rule 11 guilty plea, I don't think that's something that this court ought to stand by as that progression goes forward in the cases that come before the court. I think that's particularly true in this case where not only is Rule 11 not followed as well as it should be or really at all, but there are defenses apparent in the Rule 11 colloquy that nobody seems to have noticed. The factual basis I think here is clearly sufficient as this co-defendant from the case. All that was shown by the government was really at most a buyer-seller type of factual scenario. And when Mr. Murray was asked to say what he did, that was all he said was I sold drugs, which as this court has repeatedly insisted over the course of many years and several published decisions, buying and selling and conspiracies are not the same thing. They are different. The buyer-seller defense is valid. It's available to defendants charged with drug crimes and it's something they need to know about before waiving their rights and pleading guilty and facing very serious time. And I think the fact that Mr. Murray is persisting in this appeal after receiving the minimum sentence, facing the risks that Judge Davis has mentioned, can assure this court that this is not someone, this is not a case of buyer's remorse. This is not a case of saying, oh, I wasn't told about the $100 special assessment. I want a reversal. This is a real legitimate defense that was apparent from the record that was never addressed at the Rule 11 hearing and should have been. So for all of those reasons, we think the correct action for this court to take is to remand this case and give Mr. Murray an opportunity to plead anew or go to trial as he sees fit under the circumstances. Thank you very much. There are no further questions. I'll conclude. Thank you. Judge Davis, I'll be happy to answer your question. I was the Assistant U.S. Attorney below. I do practice in South Carolina and I can tell you it's a very rare circumstance where a magistrate judge would actually take a plea. In fact, the only time that I can ever recall a magistrate judge in our area taking a guilty plea is when a trial was actually scheduled and then the defendant decided to enter a plea of guilty, the district court judge was unavailable the afternoon before the jury was to come, and then a magistrate court has taken a guilty plea. But that would be the only time. Is the manner in which the pleas in this case were taken rare in South Carolina? That is, are they all just sort of multiple defendants on multiple different offenses brought into court and basically done by written documentation, sort of by proxy without real personal interaction between the court and the defendants? Is that rare? It is not rare to have multiple pleas at one time in a group, so to speak. What about this written? But the written petition is unique to this particular court. This particular court has devised this petition in order to ensure that the defendant's rights are, he is aware of those rights. It's just an extra protection that the court has devised. It wasn't extra here, because the judge didn't say anything. The judge had a lot of interaction with the defendant. Being there, I can assure this court, and as your honor has stated earlier in an earlier argument, sometimes a tone, demeanor, facial expression can say volumes. In this particular courtroom, that is the case. You don't have to say a lot verbally in order to get... Under Rule 11, you do. You have to personally address the defendant. That is correct. Right. So where in the record did the court personally address this appellant regarding his education or his drug use or his learning disability or anything sufficient that the court would be able to actually assess whether the plea was knowing and voluntary? In this particular case, like in all the other cases that were before him that day... How many were before him that day? There were six defendants. There was one of the defendant's co-defendants, three other defendants who were also charged in a drug conspiracy and a bank robbery case. All of the defendants before the court had entered this plea or petition to enter a plea of guilty with their lawyers. This particular defendant, Mr. Murray, had actually completed this the day before. He had indicated by his initials on every single page. And did the court ask him at the hearing if those were his initials and if he had read it and gone over it with his attorney? Did the court personally address the defendant about those issues? The court never asked him, are these your initials? Did you sign this? However, every word of that petition was read into the record. It was published or summarized. At no time did the defendant or his counsel ever object to the procedure, ever indicate... Has any defense lawyer ever objected to this procedure before this court? Not that I'm aware of. Who wants to be first, right? Can I go back to where in the record the district court personally addressed this defendant regarding his education, his learning disability, his drug use, so the court could assess his knowing and voluntary entry into this plea? Sure, Your Honor. This was done by the petition. The defense attorney actually informed the court of the defendant's age, his education level, whether or not he had... In writing? It was in writing and the defense attorney informed the court at the plea. But the court never actually engaged in some sort of colloquy with the defendant regarding those issues? Not specifically as to those issues. Or most of the issues in the petition, correct? There are a number of exchanges that the court has with the defendant. Your Honor, I have counted 16, but... This defendant? Um... Okay. It's all right, we can count them too. Some of them are, you know, the court asked him to state their name, when he acknowledges the summary... The summary of the petition? The summary of the petition. Because I thought earlier you said every word of the petition was read into the record. So it was just a summary of the petition. Is that right? It is. Every word is not... I think every defendant answered yes. I mean, it is a pretty clear every word recitation of the actual petition. And of course the petition is actually filed with the court as well. Again, the plea agreements were read into the record, and the court had an exchange with the defendant about the plea agreement. Then the factual basis for the plea, contrary to what opposing counsel has stated, the actual... recitation by the defendant, when the court said, what did you do in this particular case? He said, I agreed to sell illegal drugs, and I did sell them crack cocaine. The court engages him... Go ahead. And the court engages him further. How much? And then the defendant replies, 280 grams. And that is after the government's... Where do you... Can you show me the JA reference? That's on page 69 and 70 of the joint appendix. It begins at the bottom of page 69 of the appendix. Or in the middle of the page, the court says, all right, now I want you to tell me each one of you very briefly what you did. And then the defendant's co-defendant stated that he broke the government law by selling drugs, and the court asked him how much, and he goes 280 grams. And then at the bottom of the page, the defendant Murray says, I agreed to sell illegal drugs, and I did sell them crack cocaine. Which, you know, it's interesting to me, because it strikes me to be exactly backwards in this sense. The one thing, in my judgment, that the district judge need not hear from the defendant about is the factual basis. That's always struck me as the one thing that the prosecutor can stand up and spread on the record. And at most, the judge has to say, any disagreement with that statement? Defendant says, no, Your Honor. As I read Rule 11 and the cases under Rule 11, that's more than sufficient. I understand that there's some judges who insist that the defendant speak in his own voice or her own voice what she did. But I don't think the rule requires that at all. What the rule requires is all this other stuff that Judge Thacker was talking about. Education, psychological history, medications. Do you understand? Did you get any sleep last night? Are you taking any medications? Have you talked to your lawyer? He didn't cover any of that. But a court is given wide discretion in how to conduct a Rule 11 proceeding. Rule says shall. I understand shall sometimes means may. But I think Rule 11 uses shall in the mandatory sense. The court shall address the defendant. Well, this particular court has determined that the best way is to take a plea in this manner with this petition. So a South Carolina exception to the rule 11, the Anderson Division of the District of South Carolina's exception to the Rule 11. No, Your Honor. OK. I'm not arguing that. But a court is given wide discretion in how to conduct proceedings. And this particular court has determined that this petition is, along with his personal observation, interaction with the defendant during the plea. Just like as you stated, you don't have to ask the defendant to say what he did. But that satisfies this particular court that the defendant understands what he's pleading guilty to and that what he did meets the elements of the charge. And that's the way this particular court has decided is the best way to take a plea and how he wants to. Has anybody in your office ever said, Judge, we can't do it this way? Anybody ever say that? Judge, the rule says we got to do it a little differently. I can't speak for everybody, but I don't think so, Your Honor. That's probably a good idea. Anybody else in South Carolina do it this way? With this long petition? With the petition? Not that I'm aware of. I don't know anyone. Of course, this court has held an unpublished the Reeves decision. And that was the defendant's co-defendant, that this procedure was a valid procedure. Well, did we say it's valid? Or did we find no plain error requiring correction? No plain error. Which, in this particular case, is very difficult to find because the defendant received the mandatory minimum sentence, 10 years. He couldn't have received less time. You're going to refuse to negotiate with him if he wins this appeal? Your Honor, if he wants to go back to trial, then I'm sure a lot of his co-defendants would love the opportunity to testify against him. This was a negotiated plea in which his drug amount was negotiated. And I'm not so sure that that would be the same if we went back. If the court doesn't have any other questions or concerns under the plain error standard of review, I think this case should be affirmed. Thank you. If there are no questions, I think I just have two brief points in rebuttal. I just did want to address specifically the Reeves case, which did involve a co-defendant. What this court did there is pretty much, in my reading, walked right up to the line of saying the factual basis was insufficient, which is a substantially similar factual basis, and stopped and said, we don't need to consider it because there's no allegation that this defendant might or would have gone to trial. And I actually did double check that Reeves filed, and it in fact does not contain that allegation at all, whereas Mr. Murray's does at length. So I think that Reeves' case very much supports what we're asking for. Where in the record does it indicate that Mr. Murray would not have pled guilty? It doesn't explicitly. I point the court to the defenses I mentioned earlier, the fact that he's appealing a in his brief on his behalf, which I believe the court can rely on, which Defendant Reeves did not advance. I think that the prosecution, the opposing counsel's statements that, well, if he goes back and tries it again, all these people want Rule 35, so who knows what could happen, should give this court sufficient assurance that this is a real legitimate situation where he thinks he might have had a defense, which is another fact that was not the case in Reeves, at least not explicitly. I also want to emphasize, as my final point, the extent to which the errors in this case kind of conspire to work together to the prejudice of Mr. Murray, the requirement that the factual basis and the defendant's knowledge of the nature of the charges establish his awareness of any defenses he may have, and the rest of the Rule 11 requirements, make sure he knows how those could be vindicated at trial, through subpoenas, through confrontation, through assistance of counsel, and so forth, and all three of those mistakes really work together in this case, which I think is important. Thank you. Thank you, Your Honor. And I understand, Mr. Burnham, that you also are court-appointed. That's correct. We very much appreciate your efforts. Thank you, Your Honor. Thank you very much.
judges: Diana Gribbon Motz, Stephanie D. Thacker, Andre M. Davis